# In the United States Court of Federal Claims

No. 19-1634C
(Filed: November 12, 2019)

```
*************************************
KEVIN BESS,                          *
                                     *
              Plaintiff,             *
                                     *   Pro Se Plaintiff; Sua Sponte Dismissal;
v.                                   *   Subject Matter Jurisdiction; RCFC
                                     *   12(h)(3); Proper Defendant; Civil Rights
THE UNITED STATES,                   *   Claims; In Forma Pauperis
                                     *
              Defendant.             *
*************************************
```

Kevin Bess, Charleston, MO, pro se.

Sonia W. Murphy, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

    Plaintiff Kevin Bess, proceeding pro se in this matter, alleges that corrections officers at the Missouri Department of Corrections violated his civil rights. Mr. Bess seeks monetary damages and various other forms of relief, and he has also filed an application to proceed in forma pauperis. As explained below, the court lacks jurisdiction to consider Mr. Bess's claims. Thus, without awaiting a response from defendant, the court grants Mr. Bess's application to proceed in forma pauperis and dismisses his complaint.

## I. BACKGROUND

    Mr. Bess is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri, a facility of the Missouri Department of Corrections. Ex., ECF No. 1-2 at 7. He filed his complaint on October 21, 2019. Documents filed with the complaint reflect that Mr. Bess worked in food service at the prison and was allowed a shower at the end of his shift. However, Mr. Bess alleges that a corrections officer at the prison allowed him to shower "only for a few minutes," Compl. 1, a limitation that he maintains violates his civil rights, id. at 3. Mr. Bess does not claim that this alleged violation occurred more than once.

    A Conduct Violation Report dated January 17, 2019, was filed along with the complaint. Ex., ECF No. 1-2 at 7. The report indicated that Mr. Bess returned from his food service work at approximately 10:10 AM on that date, and subsequently entered the shower. Id. It further stated that although Mr. Bess "had been . . . given numerous directives over the intercom to exit the

shower and lockdown starting at 10:31 AM," he did not exit the shower until approximately 10:49 AM. Id. Mr. Bess was cited for "fail[ure] to comply with an order." Id. at 7-8.

Mr. Bess seeks relief in a variety of forms. For monetary relief, he seeks a lump sum of $90,000.00. Id. at 11. He also seeks "[t]o be released [from prison] within the next year." Id. Finally, Mr. Bess appears to seek the following as part of his compensation: (1) identification documents, such as a driver's license, birth certificate, and social security card; (2) car registration, with license plates; (3) a one-year reservation at a St. Louis hotel; (4) a car; (5) various items of clothing and bedding; and (6) suitcases. Id.

## II. LEGAL STANDARDS

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." United States v. Cotton, 535 U.S. 625, 630 (2002). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible threshold matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

In determining whether subject matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court has no subject matter jurisdiction over frivolous

claims. Moden v. United States, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005). For example, there is no subject matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." Id. at 1341 (citations omitted). If the court finds that it lacks subject matter jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") requires the court to dismiss that claim.

### C. The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (internal quotation marks omitted).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2018); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998).

## III. DISCUSSION

Under a liberal construction of Mr. Bess's pro se complaint, Mr. Bess alleges that his civil rights were violated by a state entity. Because the Court of Federal Claims clearly lacks jurisdiction over this claim, Mr. Bess's complaint must be dismissed.

### A. The United States Is the Only Proper Defendant in the Court of Federal Claims

Although the court has liberally construed the complaint in the light most favorable to Mr. Bess, the crux of the allegations are lodged against the Missouri Department of Corrections. However, in the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); accord RCFC 10(a). Because "the United States itself" is the only proper defendant in the Court of Federal Claims, this court lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." Anderson v. United States, 117 Fed. Cl. 330, 331 (2014). In other words, "if the relief sought [in the Court of Federal Claims] is against other than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 588. Accordingly,

because Mr. Bess complains of improper conduct by parties other than the United States federal government, this court lacks jurisdiction over this claim, and it must be dismissed.

### B. The Court of Federal Claims Lacks Jurisdiction Over Civil Rights Claims

To the extent that Mr. Bess asserts civil rights violations, his claim is outside the reach of this court's Tucker Act jurisdiction. First, the Court of Federal Claims is not a federal district court. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 563 (2017) (distinguishing between the "Court of Federal Claims" and "federal district courts"). Second, only federal district courts possess jurisdiction to entertain claims alleging civil rights violations. See, e.g., Jones v. United States, 104 Fed. Cl. 92, 98 (2012) (explaining that the Court of Federal Claims has no jurisdiction over claims based on, among other causes of action, alleged "violations of . . . civil rights"); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (explaining that Bivens claims and claims alleging violations of 42 U.S.C. §§ 1981, 1983, and 1985 must be heard in federal district courts). In short, the court must dismiss any civil rights claims asserted by Mr. Bess.

### IV. APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, Mr. Bess filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[1] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined," id. § 1915(a)(2), a requirement that can be satisfied in the Court of Federal Claims by executing and filing a "Prisoner Authorization" that authorizes the custodial facility to send the court a copy of the prisoner's trust fund account statement. Finally, pursuant to what is known as the three-strikes rule, Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015), if a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted, he or she is barred from initiating further suits or appeals without first paying the filing fee, unless he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Bess has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a) and does not appear to have three strikes as described in 28 U.S.C. § 1915(g). The court therefore grants Mr. Bess's application to proceed in forma pauperis and waives his prepayment of the

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to adjudicate applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).

filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, Mr. Bess shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. See id. § 1915(b)(1). Thereafter, Mr. Bess shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. See id. § 1915(b)(2). The agency having custody of Mr. Bess shall forward payments from his account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. See id.

## V. CONCLUSION

The Court of Federal Claims lacks jurisdiction over claims involving civil rights and claims against defendants other than the United States. Therefore, the court has no jurisdiction to consider any aspect of Mr. Bess's complaint.

Accordingly, Mr. Bess's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. In addition, although the court **GRANTS** Mr. Bess's application to proceed in forma pauperis, it directs Mr. Bess to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as described above. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                                                          _____
                                                                                          MARGARET M. SWEENEY
                                                                                          Chief Judge